UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BEVERLY DIANE JOSEPH,

        Plaintiff,        **MEMORANDUM & ORDER**

  - against -         15-CV-4572 (KAM)

FJC SECURITY GUARD,

        Defendant.
----------------------------------X

**MATSUMOTO, United States District Judge:**

Plaintiff Beverly Diane Joseph ("plaintiff") filed this complaint on July 13, 2015.[1] The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed. Plaintiff is granted 30 days from the date of this order (that is, until October 16, 2015) to file an amended complaint.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197 (2d

---

[1] The complaint was originally filed in the United States District Court for the Southern District of New York and transferred to this court by order dated July 29, 2015. (*See* ECF No. 4, Transfer Order dated 7/29/15.)

1

Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

## BACKGROUND

Plaintiff appears to bring this complaint in relation to incidents that allegedly occurred on June 5, 2015, at a homeless shelter on Tillary Street in Brooklyn, and June 30, 2015, at 1424 Herkimer Street in Brooklyn. (*See* ECF No. 1, Compl. at 3.) Plaintiff alleges that, on June 30, 2015 at about 7:54 pm, she was physically assaulted at the scanner machine in the CAMBA Magnolia House by the FJC security guard who was on duty. (*See id.*) Plaintiff also alleges that she was assaulted at her assigned dormitory in a shelter on Tillary Street. (*See id.*) The complaint is fairly illegible, however, and it is difficult to discern other facts alleged or what plaintiff's federal cause of action is against the named defendant, FJC Security Guard.

2

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). In light of this court's duty to liberally construe *pro se* complaints and in an abundance of caution, plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is directed that her amended complaint must

3

comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff choose to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support her claims against the named defendant. Plaintiff cannot rely on exhibits or other documents to replace a statement of claim. Plaintiff must identify the defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions she alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the name of the individual, she may identify the individual as John or Jane Doe, along with a descriptive information and place of the individual's employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within

the time allowed, judgment shall enter.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully requested to serve a copy of this order on plaintiff and note such service on the docket.

**SO ORDERED.**

**Dated**: Brooklyn, New York
September 16, 2015

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York